UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARTIN OMAR GARCIA ) Case No.: 12-CIV-21111-SEITZ/SIMONTON
LORENZO AMADO SALINAS and all others )
similarly situated under 29 U.S.C. 216(B), )
 )
      Plaintiff, )
vs. )
 )
ACOSTA TRACTORS INC. )
FELIX F. ACOSTA, FRANK P. ACOSTA )
 )
      Defendants. )

## AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, ACOSTA TRACTORS, INC., is a business that regularly transacts business within Dade County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, FELIX F. ACOSTA, is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and/or controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant, FRANK P. ACOSTA, is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and/or controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I: FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION)

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs' who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, MARTIN OMAR GARCIA, worked for Defendants as a Construction Laborer in the areas of drainage, sewer, and pavement construction from on or about February 15, 1994 through on or about March 9, 2012.

11. Plaintiff, LORENZO AMADO SALINAS, worked for Defendants as a Construction Laborer in the areas of underground tubing, drainage, water, and sewage from on or about January 6, 2001 through on or about August 2, 2010.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. Plaintiffs' work for Defendants was actually in and/or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Furthermore, upon information and belief, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation grossed over $500,000 for the annually for the years 2009, 2010 and 2011.

15. Upon information and belief, the Defendant Corporations gross sales or business done exceeded $125,000 for the first quarter of the year 2012 and are expected to exceed $500,000 for the year 2012.

16. Additionally, the projects on which Defendants hired Plaintiffs to perform work on received County and/or State and/or Federal funding to perform work fixing roads on behalf of Dade County and/or the State of Florida and, therefore, Plaintiffs' work on said projects constitute an activity of a public agency.

17. During the relevant time period, Plaintiff, MARTIN OMAR GARCIA, was paid an hourly rate of $11.50/hr but was not paid any overtime wages for 5 overtime hours worked per week during said period. Plaintiff, MARTIN OMAR GARCIA, spent 30 minutes at the start of each shift loading the truck and driving to the work site and 30 minutes at the end of each shift driving from the work site and unloading the truck. Pursuant to 29 U.S.C. 785.38, Plaintiff should have been compensated for these 5 hours per week spent in travel as part of his principal activity.  Additionally, upon information and belief and pursuant to §2-11.16 Code of Miami Dade County, Plaintiff should have been paid a regular hourly rate of $18.42 as a Construction Laborer. Therefore, Plaintiff claims time and a half at the hourly rate of $18.42 as set forth in §2-11.16 Code of Miami Dade County or in the alternative, Plaintiff seeks time and a half at the hourly rate of $11.50 paid to Plaintiff for each overtime hour worked whichever is greater.

18. During the relevant time period, Plaintiff, LORENZO AMADO SALINAS, was paid an hourly rate of $13.00/hr starting in 2009 and was paid an hourly rate of $15.00 starting in 2010 but was not paid any overtime wages for 12 overtime hours worked per week during said period. Plaintiff, MARTIN OMAR GARCIA, was only paid for 40 hours per week spent at the job site but actually worked an additional 12 hours per week as part of his required job duties transporting materials and personnel between

the Defendants' office and the job site location. Pursuant to 29 U.S.C. 785.38, Plaintiff should have been compensated for these 12 hours per week spent in travel as part of his principal activity. Additionally, upon information and belief and pursuant to §2-11.16 Code of Miami Dade County, Plaintiff should have been paid a regular hourly rate of $18.42 as a Construction Laborer. Therefore, Plaintiff claims time and a half at the hourly rate of $18.42 as set forth in §2-11.16 Code of Miami Dade County or in the alternative, Plaintiff seeks time and a half at the hourly rate that Plaintiff recieved at the time said work was performed paid to Plaintiff for each overtime hour worked whichever is greater.

19. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs' these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

## COUNT II: VIOLATION OF §22.3 CODE OF MIAMI DADE COUNTY FOR UNDER-PAYMENT OF WAGES

Plaintiffs, by and through undersigned counsel, re-adopts the factual and jurisdictional argument as set forth in Paragraphs 1-19 above and further state the following.

20. This Court has supplemental jurisdiction to hear this count pursuant to 28 U.S.C. §1367 based upon §22.3 Code of Miami Dade County.

21. §22.3 Code of Miami Dade County states: "For any employer to fail to pay any portion of wages due to an employee, according to the wage rate applicable to that employee, within a reasonable time from the date on which that employee performed the work for which those wages were compensation, shall be wage theft; and such a violation shall entitle an employee, upon a finding by a hearing examiner appointed by Miami-Dade County or by a court of competent jurisdiction that an employer is found to have unlawfully failed to pay wages, to receive back wages in addition to liquidated damages from that employer."

22. § 2-11.16 of Miami Code of Ordinances titled County Construction Contracts states: "In ascertaining the initial overall per hour rate to be paid, the minimum standard shall be the combined overall dollar value on an hourly basis of the wages (paid as set forth below) and of the hospitalization, medical, pension and life insurance benefits (paid as set forth below) for such craft or type of employee under negotiated contracts in effect as of January 1st of the calendar year in which said proposal bid is expected to be advertised, or, in the case of a lease or contract providing for privately funded

construction on County-owned land subject to this Section, under the negotiated contracts in effect as of January 1st of the calendar year in which said proposed lease or contract is expected to be executed. Thereafter, the specifications shall provide that the overall per hour rate to be paid for work performed under the contract during each subsequent calendar year shall be the overall per hour rate in effect as of January 1st, of the year in which the work is performed."

23. Miami-Dade County Implementing Order number 3-24 implementing § 2-11.16 of Miami Code of Ordinances and titled "Responsible Wages and Benefits for County Construction Contracts" states: "The successful awardee and any subcontractor(s) under them of a competitively bid construction contract or privately funded contract on County-owned land subject to the requirements of Section 2-11.16 of the Code and this IO, shall: A. Pay their employees not less than the specified combined hourly wage rates and benefits applicable to the employee classification in which such employees are working on the project. Such payment obligations may be fulfilled by payment of wages, contributions to employees' benefit plans, payments made by check or money order, or any combinations thereof".

24. The Miami-Dade County Responsible Wages and Benefits Responsible Wage Schedule for Highway Construction, in effect for the years 2009, 2010, 2011, and 2012, specifies that the Responsible Wage to be paid in accordance with the provisions of § 2-11.16 of Miami Code of Ordinances for a Journeyman Laborer is $18.42 per hour.

25. Upon information and belief, Defendant, ACOSTA TRACTORS, INC., was during the applicable time period, a Dade County construction company participating in

competitively bid construction contracts with and within Miami-Dade County and therefore subject to the Responsible Wage provisions of § 2-11.16 of Miami Code of Ordinances.

26. Upon information and belief, Plaintiff, MARTIN OMAR GARCIA, worked for Defendants during the relevant time period as a Journeyman Laborer.

27. Upon information and belief, Plaintiff, MARTIN OMAR GARCIA, was entitled to be paid the applicable Responsible Wage rate as a Journeyman Laborer of $18.42 per hour in accordance with the provisions of § 2-11.16 of Miami Code of Ordinances.

28. Plaintiff, MARTIN OMAR GARCIA, was paid an hourly wage of $11.50 per hour during the applicable time period. Plaintiff, therefore, claims the difference between $11.50 per hour and $18.42 per hour for all hours worked including all overtime hours for which he was under-compensated.

29. Upon information and belief, Plaintiff, LORENZO AMADO SALINAS, worked for Defendants during the relevant time period as a Journeyman Laborer.

30. Upon information and belief, Plaintiff, LORENZO AMADO SALINAS, was entitled to be paid the applicable Responsible Wage rate as a Journeyman Laborer of $18.42 per hour in accordance with the provisions of § 2-11.16 of Miami Code of Ordinances.

31. Plaintiff, LORENZO AMADO SALINAS, was paid an hourly wage of $13.00 per hour starting in 2009 and was paid an hourly wage of $15.00 starting in 2010 during the applicable time period. Plaintiff, therefore, claims the difference between $13.00 per hour and $18.42 per hour for all hours worked prior to 2010 and claims the difference between $15.00 per hour and $18.42 per hour for all hours worked in 2010

including all overtime hours for which he was under-compensated.

32. Defendants willfully and intentionally refused to pay Plaintiffs' applicable Responsible Wage as required § 2-11.16 of Miami Code of Ordinances as Defendants knew of the Responsible Wage requirements of § 2-11.16 of Miami Code of Ordinances and recklessly failed to investigate whether Defendants payroll practices were in accordance with § 2-11.16 of Miami Code of Ordinances. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request Judgment against the Defendants, jointly and severally, attorney's fees, back wages, liquidated damages, and treble damages from the start of Plaintiff's employment or as much as is allowed by law, whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances

*Plaintiff requests a trial by Jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
     Florida Bar Number: 0010121