UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARTIN OMAR GARCIA, ) Case No.: 12-CIV-21111-SEITZ/SIMONTON
LORENZO AMADO SALINAS, JATNIEL )
CASANAS CORENT and all others similarly )
situated under 29 U.S.C. 216(B), )
)
      Plaintiff, )
vs. )
)
ACOSTA TRACTORS INC. )
FELIX F. ACOSTA, FRANK P. ACOSTA )
)
      Defendants.

## SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, ACOSTA TRACTORS, INC., is a business that regularly transacts business within Dade County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, FELIX F. ACOSTA, is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and/or controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant, FRANK P. ACOSTA, is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and/or controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I: FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION)

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs' who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, MARTIN OMAR GARCIA, worked for Defendants as a Construction Laborer in the areas of drainage, sewer, and pavement construction from on or about February 15, 1994 through on or about March 9, 2012.

11. Plaintiff, LORENZO AMADO SALINAS, worked for Defendants as a Construction Laborer in the areas of underground tubing, drainage, water, and sewage from on or about January 6, 2001 through on or about August 2, 2010.

12. Plaintiff, JATNIEL CASANAS CORENT, worked for Defendants as a Construction Laborer in the areas of drainage, sewer, and pavement construction from on or about June 4, 2009 through on or about March 13, 2012.

13. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. Plaintiffs' work for Defendants was actually in and/or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

14. Furthermore, upon information and belief, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporation grossed over $500,000 for the annually for the years 2009, 2010 and 2011.

16. Upon information and belief, the Defendant Corporations gross sales or business done exceeded $125,000 for the first quarter of the year 2012 and are expected to exceed $500,000 for the year 2012.

17. Additionally, the projects on which Defendants hired Plaintiffs to perform work on received County and/or State and/or Federal funding to perform work fixing roads on behalf of Dade County and/or the State of Florida and, therefore, Plaintiffs' work on said projects constitute an activity of a public agency.

18. During the relevant time period, Plaintiff, MARTIN OMAR GARCIA, was paid an hourly rate of $11.50/hr but was not paid any overtime wages for 5 overtime hours worked per week during said period. Plaintiff, MARTIN OMAR GARCIA, spent 30 minutes at the start of each shift loading the truck and driving to the work site and 30 minutes at the end of each shift driving from the work site and unloading the truck. Pursuant to 29 U.S.C. 785.38, Plaintiff should have been compensated for these 5 hours per week spent in travel as part of his principal activity. Therefore, Plaintiff claims time and a half at the hourly rate of $11.50 paid to Plaintiff for each overtime hour worked.

19. During the relevant time period, Plaintiff, LORENZO AMADO SALINAS, was paid an hourly rate of $13.00/hr starting in 2009 and was paid an hourly rate of $15.00 starting in 2010 but was not paid any overtime wages for 12 overtime hours worked per week during said period. Plaintiff, LORENZO AMADO SALINAS, was only paid for 40 hours per week spent at the job site but actually worked an additional 12 hours per week as part of his required job duties transporting materials and personnel between the Defendants' office and the job site location.  Pursuant to 29 U.S.C.

785.38, Plaintiff should have been compensated for these 12 hours per week spent in travel as part of his principal activity. Plaintiff seeks time and a half at the hourly rate for each overtime hour worked.

20. During the relevant time period, Plaintiff, JATNIEL CASANAS CORENT, was paid an hourly rate of $8.00/hr from the period of time between June 4, 2009 and March 2010, an hourly rate of $9.00/hr from the period between March 2010 and September 2011, and $10.00/hr from the period of time between September 2011 and March 13, 2012, but was not paid any overtime wages for 8.75 overtime hours worked per week during said period. Plaintiff, JATNIEL CASANAS CORENT, was only paid for 40 hours per week spent at the job site but actually worked an additional 8.75 hours per week as part of his required job duties transporting materials and personnel between the Defendants' office and the job site location. Pursuant to 29 U.S.C. 785.38, Plaintiff should have been compensated for these 8.75 hours per week spent in travel as part of his principal activity. Plaintiff seeks time and a half at the applicable hourly rate paid to Plaintiff for each overtime hour worked.

21. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs' these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AS TO PLAINTIFFS GARCIA AND SALINAS

22. Plaintiffs, by and through undersigned counsel, re-adopts Paragraphs 1-21 above and further states the following.

23. On March 20, 2012 Plaintiff, Martin Omar Garcia, filed the initial Complaint in this matter, alleging Federal Overtime violations. [D.E. 1].

24. On March 30, 2012, Plaintiff Lorenzo Amado Salinas was added as a Plaintiff to the instant lawsuit, also alleging Federal Overtime violations, in the First Amended Complaint. [D.E. 5]

25. Thereafter, on June 14, 2012, prior to the Settlement Conference held in this matter before United States Magistrate Judge Andrea Simonton, Defendant Felix Acosta confronted Plaintiffs Garcia and Salinas outside Judge Simonton's Courtroom, stated that "Today is a black day," and then spit in the face of both Plaintiffs.  Acosta then stated "your mother is a whore" and "I shit on your mothers vagina" before being restrained by his son and escorted to a different floor.

26. The motivating factor in Defendants' harassing conduct towards the Plaintiffs, namely, the above described assault and battery, was due to Plaintiffs asserting claims

for overtime wages.

27. The harassment of the Plaintiffs as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor for said harassment was Plaintiffs' demand for their legally mandated wages and, as a result, Plaintiffs have been damaged.

Wherefore, the Plaintiffs, MARTIN OMAR GARCIA AND LORENZO AMADO SALINAS, request judgment against the Defendants jointly and severally, attorney's fees, costs and liquidated damages, injunctive relief prohibiting the Defendants from discriminating in the manner proscribed above, emotional distress and humiliation and pain and suffering, as well as all other damages recoverable by law 29 U.S.C. 216(B). *Plaintiffs request a trial by Jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121