UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21111-CIV-SIMONTON
<u>CONSENT CASE</u>

**MARTIN OMAR GARCIA,**
**et al.,**

    **Plaintiffs,**
**v.**

**ACOSTA TRACTORS, INC., and**
**FELIX F. ACOSTA,**

    **Defendants.**
_____/

<u>ORDER GRANTING  DEFENDANTS' MOTION TO DISMISS,</u>
<u>COMPEL ARBITRATION, STAY PROCEEDINGS</u>

**Presently pending before the Court is Defendants Acosta Tractors, Inc., Felix F. Acosta and Frank P. Acosta's Motion to Dismiss and/or Compel Arbitration, Stay Proceedings (DE # 31).[1]  The Plaintiffs have filed a Response in Opposition to the Motion (DE # 34).  The Defendants have not replied and the time for doing so has elapsed. Pursuant to the consent of the Parties, this action has been transferred by the Honorable Patricia A. Seitz to the undersigned for all proceedings, including trial (DE # 27).  For the following reasons, the Defendants' Motion is Granted, and this action is stayed pending the arbitration of the Plaintiffs' claims raised in this action.**

    **I.**    <u>**BACKGROUND**</u>

**Since the determination of whether to compel arbitration is based upon the**

---

[1] **On the same date that the Defendants filed the instant Motion, the Defendants filed another Motion to Dismiss And/Or Compel Arbitration, Stay Proceedings (DE # 30). That Motion is seemingly identical to the instant Motion (DE # 31) except that the "Assigned Employee Acknowledgements" appended to the instant Motion as Exhibit 1, are missing from that Motion.  Therefore, the undersigned assumes that the Motion at bar (DE # 31) was intended to be substituted for the first filed Motion (DE # 30), and thus denies that Motion as Moot.**

litigation activities undertaken prior to the filing of a motion to compel arbitration, the litigation history is set forth in detail below.

This matter was initiated on March 20, 2012, when Plaintiff Martin Omar Garcia, on behalf of himself and all other similarly situated individuals under 29 U.S.C. 216 (b), filed a two-count Complaint alleging violations of the Fair Labor Standards Act Overtime Wage provisions ("FLSA") (Count I), and violations of §22.3 Code of Miami Dade County for Under-Payment of Wages (Count II), against Defendants Acosta Tractors, Inc., Felix F. Acosta and Frank P. Acosta (DE # 1).  In the Complaint, Plaintiff Omar Garcia alleged that he worked for Defendants as a Construction Laborer from about February 15, 1994 until on or about March 9, 2012. During that time, the Defendants allegedly failed to pay the Plaintiff for five overtime hours per week throughout the duration of his employment.  In addition, the Plaintiff alleged that he was not paid the "Responsible Wage" rate owed to him as a Journeyman Laborer as required by the Miami-Dade County Responsible Wage Ordinance, and that this constituted wage theft under the Miami-Dade County Wage Theft Ordinance.  The Complaint requested that the Plaintiff be awarded his unpaid wages, double damages, reasonable attorney's fees, back wages, and liquidated and treble damages.

On March 30, 2012, the Plaintiff filed an Amended Complaint wherein, among other things, Lorenzo Amado Salinas was named as an additional Plaintiff (DE # 5).

On April 4, 2012, the Court issued its Notice of Court Practice in Fair Labor Standards Act Cases and Referral to Magistrate Judge for Settlement Conference (DE # 8).  That Order directed, among other things, for the Plaintiff to file a Statement of Claim and the Defendant to file a Response to Plaintiff's Statement of Claim.

On April 11, 2012, the Defendants filed a nine-page Answer and Affirmative

**Defenses to the Amended Complaint wherein the Defendants asserted,** *inter alia*, **that the Plaintiffs' claims were barred by various provisions of the Portal-to Portal Act, 29 U.S.C. §§ 254, 255, 260 (DE # 9).  In addition, the Defendants cited several sections of the Code of Federal Regulations ("CFR's") as providing a basis for the denial of the Plaintiffs' claims. The Answer and Affirmative Defenses did not refer to any arbitration agreement between the Parties.**

**On April 24, 2012, Plaintiffs Garcia and Salinas filed their combined Statement of Claim (DE # 10).  On May 15, 2012, the Defendants filed a response to the Plaintiffs' Statement of Claim wherein the Defendants denied liability to either Plaintiff and specifically asserted that the Plaintiffs received compensation for all of their pay for overtime hours that they legitimately worked (DE # 12).  (DE # 12).**

**On May 30, 2012, the Defendants filed a Certificate of Compliance certifying that they had served all documents supporting their defenses upon the Plaintiffs (DE # 14),**

**A settlement conference held before the undersigned on June 14, 2012, resulted in an impasse (DE ## 16,17).  Thereafter, the Parties filed their Corrected Joint Scheduling Report wherein the Parties, among other things, included a July 27, 2012, deadline for joining other parties and amending the pleadings (DE # 19).  Based upon the Corrected Joint Scheduling Report, the Court issued an Order Setting Trial Date and Pretrial Deadlines which,** *inter alia*, **set the discovery deadline for October 26, 2012 and a trial date for May 6, 2013 (DE # 20).**

**On August 3, 2012, the Defendants filed a Stipulation for Substitution of Counsel (DE # 23).  On August 7, 2012, the parties consented to the exercise of jurisdiction over this matter by the undersigned Magistrate Judge (DE # 24), and an order transferring the case based on this consent was entered on August 21, 2012 (DE # 27).  On August 20,**

3

2012, the Plaintiffs filed an Unopposed Motion for Leave to File a Second Amended Complaint wherein the Plaintiffs requested leave to amend their Complaint to add opt-in Plaintiff Jatniel Casanas Corrent, and to withdraw Plaintiffs' claims brought pursuant to the Miami Dade County Ordinance. In addition, the Plaintiffs sought to add an FLSA retaliation claim pursuant to 29 U.S.C. § 215(a) (DE # 26). The Unopposed Motion was granted on August 21, 2012; and the Second Amended Complaint was filed on September 13, 2012. On September 17, 2012, the Defendants filed the instant Motions to Dismiss (DE ## 30, 31) asserting that the matter should be either dismissed or stayed until the Parties arbitrated the dispute.

## II.     THE POSITIONS OF THE PARTIES

In the instant Motion, the Defendants contend that the Plaintiffs' Second Amended Complaint should be dismissed, or, in the alternative, the proceedings should be stayed, so that the Parties may arbitrate this matter pursuant to an agreement entered into by each of the Plaintiffs at the commencement of their employment with the Defendants.[2] In support of this contention, the Defendants assert that the Plaintiffs, as employees of Defendant Acosta, were given an Employee Handbook that included an arbitration clause in its "Assigned Employee Acknowledgements" section which was signed and executed by each Plaintiff. According to the Defendants, the arbitration clause required that any claims arising from the Plaintiffs' employment, including claims related to wages, be submitted to binding arbitration. The Defendants further contend that the instant claims

---

[2] The Defendants have appended to the Motion three separate "Assigned Employee Acknowledgements" signed by each of the Plaintiffs. Those Acknowledgments generally provide that the employee agrees that any legal dispute between the employer and that employee will be resolved exclusively through binding arbitration and that the agreement to arbitrate is enforceable as a contract under the Federal Arbitration Act. (DE # 31-1).

fall within the scope of that clause and thus should be arbitrated.

In addition, the Defendants argue that, although the Defendants did not immediately request that the dispute be submitted to arbitration, in light of the federal public policy supporting the enforcement of arbitration agreements, the five-month delay in seeking arbitration alone, is insufficient to constitute a waiver of the Defendants' rights under the arbitration clause.  The Defendants thus argue that absent a showing of prejudice to the Plaintiffs caused by the Defendants' delay, the action should still be submitted to binding arbitration.  In this regard, the Defendants note that relatively few resources have been expended by the Parties on this action and that virtually little or no discovery–other than serving initial requests for documents and interrogatories–has been completed.

Finally, the Defendants contend that to the extent that the Defendants' participation in litigation in this action may be construed as a waiver of their right to arbitrate, that right was revived when the Plaintiffs filed their Second Amended Complaint which added a new Plaintiff to the action and alleged an FLSA retaliation claim.

In opposition to the Motion, the Plaintiffs contend that the Defendants waived their right to arbitrate this matter by delaying their request to arbitrate until six months after the action was filed and after a settlement conference was held before the undersigned (DE # 34).  The Plaintiffs further note that the Defendants did not object to the Plaintiffs' Motion seeking leave to file a Second Amended Complaint to include a claim for FLSA retaliation based upon an incident that occurred during the settlement conference (DE # 26).  In addition, the Plaintiffs contend that because of the Defendants' delay in seeking to compel this matter to arbitration, the Plaintiffs have expended fees

5

and costs.  For the following reasons, the undersigned concludes that the instant matter should be stayed while the Parties arbitrate their disputes.

### III.  LEGAL FRAMEWORK

The Federal Arbitration Act ("FAA") embodies a "liberal federal policy favoring arbitration agreements," and federal courts are required to "rigorously enforce" agreements to arbitrate. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (citations omitted).  Questions of arbitrability should be resolved in favor of arbitration. *Picard v. Credit Solutions, Inc.,* 564 F. 3d 1249, 1253 (11th Cir. 2009)*.*  Further, the FAA provides that when "any suit or proceeding [is] brought in [a district court] upon any issue referable to arbitration under an agreement," the Court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.*"* 9 U.S.C. § 3*; see also Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985).

Courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so.  *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011).  Rather, an agreement to arbitrate, "just like any other contract ..., may be waived." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002) *citing Burton-Dixie Corp. v. Timothy McCarthy Const. Co.*, 436 F.2d 405, 407 (5th Cir. 1971).  Nonetheless, because federal policy strongly favors arbitration, the party who argues waiver bears a heavy burden of proof. *Id.* at n.17 *citing Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990).  As set forth in *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002), to determine whether a party has waived its right to arbitrate, Courts in this circuit apply a two-part test: 1) whether under the totality of the circumstances, the party has acted inconsistently with the arbitration right; and, 2) whether, by doing so, that

6

party has prejudiced the other party. *Accord S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990 (same); *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) (". . .the doctrine of waiver is not an empty shell. Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.")

The first prong of the waiver test may be satisfied "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n,,* 62 F.3d 1356, 1366 (11th Cir. 1995); *see also S & H Contractors*, 906 F.2d at 1514 ("[A] party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." (alterations and internal quotation marks omitted)). In other words, a party has acted inconsistently with its right to arbitrate where its conduct–including participation in litigation–manifests an intent to avoid or to waive arbitration. *See Ivax Corp.*, 286 F.3d at 1319 & n. 21, 1320. See also *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir.2010) ("participating in litigation can satisfy the first prong of the waiver test 'when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate' ").

As to the second prong, in determining whether the party opposing arbitration was prejudiced by the delay, the Eleventh Circuit has considered the length of delay in demanding arbitration and the expense incurred by the party alleging prejudice from participating in the litigation process. *Citibank, N.A. v. Stok & Associates, P.A.*, 387 F. App'x 921 (11th Cir. 2010)*, citing S & H Contractors*, 906 F.2d at 1514. In addition, the Eleventh Circuit has considered the extent of "[t]he use of pre-trial discovery procedures

7

by a party seeking arbitration," to determine if the inconsistent conduct "sufficiently prejudice[d] the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration." *Citibank, N.A. v. Stok & Associates, P.A.*, 387 F. App'x 921 (11th Cir. 2010), citing *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

IV.     APPLICATION OF LAW TO THE CASE AT BAR

      A.     The Plaintiffs Entered Into a Valid Agreement to Arbitrate Disputes Including Those Arising under the FLSA

At the outset, in the case at bar, the Court notes that the Plaintiffs do not dispute that each of the Plaintiffs entered into a valid agreement with their employer to arbitrate legal disputes. Nor do the Plaintiffs contend that the dispute at issue falls outside of the scope of that agreement. Rather, the Plaintiffs only contend that the Defendants waived their right to compel arbitration in this matter by waiting more than six months, and after the matter had been mediated by the undersigned, to seek to compel arbitration. Thus, the undersigned does not address the validity or scope of the arbitration clause at issue but instead only analyzes whether the Defendants waived their rights under that agreement by litigating this matter.

      B.     Whether the Defendants Waived their Right to Arbitrate

           1.     Participation in Litigation to a Point Inconsistent with Intent to Arbitrate

In this case, prior to the Defendants filing the instant Motions to Dismiss, the Defendants litigated this matter in a manner which is inconsistent with an intent to arbitrate. First, the Defendants did not raise their right to arbitrate this dispute in their Answer and Affirmative Defenses (DE # 9). This omission is particularly curious given that the Defendants raised sixteen affirmative defenses in that pleading, many of which were specific to this action and not simply "boiler-plate" averments. Similarly, even after

**the Parties had reached an impasse at the settlement conference, which was held nearly three months after the case was filed, the Defendants still did not seek to compel arbitration in this matter until another three months passed. Instead, in the Corrected Joint Scheduling Report that was filed approximately two weeks after the unsuccessful settlement conference, the Defendants made no reference to the arbitration agreement and, significantly, stated, "Plaintiffs requested a jury trial in their Amended Complaint. The parties estimate that the trial of this matter should take up to three days, inclusive of jury selection" (DE # 19 at 4). This statement seems particularly inconsistent with the Defendants' claim that they did not waive their right to arbitrate where the arbitration agreements signed by the Plaintiffs specifically state "I and [the employer] further mutually waive any right to a jury trial."  (DE # 31-1 at 2-4). Further, in their current Motion, the Defendants admit that the Parties have served their initial requests for documents and interrogatories (DE # 30 at 10). Thus, for approximately six months, the Defendants herein not only did not request that the action be submitted to arbitration, despite their right to do so under the clear language of the arbitration clauses signed by the Plaintiffs, the Defendants also proceeded in a manner which seemingly manifested an intent to not proceed to arbitration, including failing to refer to arbitration in their Answer, attending a settlement conference before the undersigned, submitting a scheduling report which was silent as to arbitration and referenced the Plaintiffs' right to a jury trial, and serving their initial requests for documents and interrogatories.  The Court further notes that the Defendants have not offered any explanation for failing to seek to compel arbitration of this matter earlier.[3]**

---

[3] The Defendants assert that the matter was only pending for five months prior to the instant Motion was filed (DE # 30 at 10).  However, this action was filed on March 20, 2012 (DE # 1) and the instant Motion was filed on September 17, 2012, and thus the

In this regard, the case at bar is not dissimilar from *Lewis v. The Keiser School, Inc.*, Case No. 11-62176-Civ, 2012 WL 193366 *1 (S.D. Fla. Sept. 18, 2012), wherein the Court opined that the defendants in that case had acted inconsistently with their arbitration right where they waited more than seven months before moving to arbitrate under an agreement that the defendants required their plaintiff employees to sign. In reaching that conclusion, the Court stated,

> In the seven months of litigation preceding the motion to compel arbitration, the record reveals that Defendants never once raised to the Plaintiff or the Court that this dispute might potentially be subject to arbitration. If Defendants were certain that Plaintiff had signed such an agreement, but simply could not immediately find it, Defendants could reasonably be expected to mention the issue at an early point in the case. They did not. Instead, Defendants affirmatively indicated in a joint status report that there were no "other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set"—a strange statement from a party wishing to preserve a potential right to arbitrate. *Id*. See *also Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1222 (S.D.Fla. 2010) (Altonaga, J.) ("'not pleading arbitration in the answer can be used as evidence towards finding of waiver.' An early arbitration demand notifies a party that arbitration may be forthcoming, and therefore the party may prepare accordingly. It is for this reason that '[o]nce the defendant, by answer, has given notice of insisting on arbitration[,] the burden is heavy on the party seeking to prove waiver'") (citations omitted).

*Id*. at *3. The Court further concluded that the record revealed that the defendants actively litigated the case by participating in discovery, successfully obtaining an extension of the discovery period and trial date, and engaging in discovery motions practice. The court additionally noted that in the joint status report, the Defendants represented to the Court that they were participating in discovery, and did not mention

---

matter was pending for approximately six months prior to the Defendants seeking to compel arbitration.

10

the possibility of arbitration. *Id.* Accord *Stanley v. Kahn & Assocs., LLC*, 2009 WL 1532724, at *1 (M.D. Fla. June 2, 2009) (Lazzara, J.) (finding waiver after eight months of litigation, where defendant "fail[ed] to raise the issue of arbitration at the earliest possible stages of the proceedings," and "announc[ed] its intention to engage in the full panoply of discovery authorized by the Federal Rules of Civil Procedure" in case management report).

In the case at bar, as stated above, the undersigned has concluded that the Defendants have litigated this action in a manner inconsistent with their right to arbitrate. However, the Defendants' Motion is nonetheless due to be granted because, as discussed below, the Plaintiffs have failed to demonstrate sufficient prejudice caused by the Defendants' delay in seeking to have this matter arbitrated.[4]

---

[4] The Court is aware that the Defendants contend that even if they waived their right to arbitrate, their right was revived when the Plaintiffs filed their Second Amended Complaint which raised, for the first time, an FLSA retaliation claim (DE # 31 at 8-9. The undersigned does not reach this issue because, as discussed *infra*., the Plaintiffs have failed to satisfy the prejudice prong of the *Ivax* test, and thus the Defendants have not waived their right to arbitrate this action. The undersigned does note, however, that when a plaintiff files an amended complaint that "unexpectedly changes the scope or theory of the plaintiff's claims," fairness dictates that a defendant's prior waiver of arbitration be nullified and the right to compel arbitration revived. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). However, where an amended complaint only makes minor changes to the factual allegations or legal claims previously asserted, a defendant's right to arbitrate, if waived, will not be rejuvenated by the filing of the pleading. *Id.* Further, recently, in *Plaintiffs' Shareholders Corp. v. Southern Farm Bureau Life Ins. Co.*, 486 Fed. Appx. 786 (11th Cir. 2012), the Eleventh Circuit, in an unpublished decision, examined whether a defendant's right to compel arbitration was revived by the plaintiffs' filing of a second amended complaint. The Court decided that because the plaintiff's second amended complaint added a breach of contract claim which unexpectedly altered the scope and theory of the case, the defendant could seek to compel arbitration of the newly-plead breach of contract claim. However, the Court also held that because the defendant had waived its right to compel arbitration of the plaintiff's original fraud claim, that the newly added breach of contract claim did not revive that right. *Id.* at *5. The Court noted that although there were several similarities between the breach-of-contract claim and the previously asserted fraud claims, including the fact that all of the claims relied upon the same alleged misrepresentations and omissions, there were significant differences between the two claims including the

## 2. Prejudice to Plaintiffs Based upon Defendants' Delay in Seeking to Compel Arbitration

Although the Court concludes that the Defendants participated in this litigation to a point inconsistent with an intent to arbitrate, the Plaintiffs have failed to demonstrate how they were prejudiced by the Defendants' delay in seeking to enforce the arbitration clause, and thus fail to satisfy the second prong set forth in *Ivax*. In *Citibank, N.A. v. Stok & Associates, P.A.*, 387 F. App'x 921 (11th Cir. 2010), for example, the Eleventh Circuit, after assuming without deciding that the plaintiff's participation in state court proceedings was inconsistent with the plaintiff's right to arbitrate the federal action, reversed a trial court's determination that the plaintiff had waived its right to arbitrate in that case. Specifically, in *Citibank*, the reviewing court concluded that the defendant had not demonstrated the requisite prejudice to satisfy the two-prong waiver test under *Ivax*. In reaching that conclusion, the Court stated, "When the inconsistent conduct prong is satisfied by substantial participation in litigation, we evaluate the prejudice prong by "consider[ing] the length of delay in demanding arbitration and the expense incurred by

---

damages available under each claim and different elements of proof. Thus, given that in this case, the Defendants argue that the Plaintiff's newly pled retaliation claim requires different elements of proof and allows for different damages, it is unlikely, given the holding in *Plaintiffs' Shareholders Corp.,* that the Plaintiffs' Second Amended Complaint would revive the Defendants' right to arbitrate the Plaintiffs' original FLSA overtime claims, rather than just the newly-pled FLSA retaliation claim.

As to the viability of the newly-pled retaliation claim, again, although the undersigned need not reach any determinations regarding that claim, it is worth noting that even under the lowered standard for retaliation claims as enunciated in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), it is questionable whether the Plaintiffs' retaliation claim would meet the "material, significant and not trivial" threshold, for purposes of submitting that claim to a jury. *See Crawford v. Carroll*, 529 F. 3d 961, 973 n.13 (11th Cir. 2008) (noting that the Supreme Court in *Burlington* suggested that it is for the jury to decide whether anything more than the most petty and trivial actions against an employee should be considered "materially adverse" to him and thus constitute an adverse employment action for purposes of establishing a retaliation claim).

12

[the] party [alleging prejudice] from participating in the litigation process." *Id.* at 924.

The Court then stated,

> [Plaintiff] takes issue with the district court's conclusion that it induced [Defendant], a small firm, to dedicate "significant human resources" to research and discovery tasks particular to litigation. [Defendant] is deserving of sympathy for its misfortune. However, when considered in light of our waiver jurisprudence, the record does not support the district court's finding.
>
> [Plaintiff] concedes that [Defendant] may have suffered some prejudice when it expended time and resources preparing and filing an offer of judgment, reply, and notice of readiness for trial in state court. However, courts have declined to find waiver in cases with similar or more extensive litigation activity. *See, e.g., Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 772-76 (10th Cir. 2010); *Patten Grading & Paving, Inc. v. Skanska USA Building, Inc.*, 380 F.3d 200, 206-07 (4th Cir. 2004); *Walker v. Bradford*, 938 F.2d 575, 576-78 (5th Cir. 1991). Moreover, [Defendant] has done little to demonstrate the amount of expenses incurred as a result of [Plaintiff's] conduct. In fact, when asked directly at oral argument, [Defendant] could not point to any portion of the record that reveals either the amount of money it spent or the number of hours it dedicated to conducting litigation-specific discovery and preparing litigation-specific documents.

*Id*. at 925. The reviewing Court then distinguished its prior holdings in *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542 (11th Cir. 1990), and *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507 (11th Cir. 1990), wherein the Court found prejudice where the parties had engaged in relatively extensive discovery. *Id*. at *3, n.3. In particular, the Court noted that in *Stone*, the parties engaged in discovery typical for trial preparation and further, that the defendant, who sought arbitration, "had twice deposed the plaintiff; it had responded to the plaintiff's request for production; the plaintiff had submitted interrogatories and additional requests for production; each side had scheduled depositions; and the trial court had scheduled a discovery completion date, a conference date, and potential trial dates." *Id*. citing *Stone* at 1544. The Court similarly observed that

13

in *S&H Contractors*, during the eight months before the plaintiff demanded arbitration in that action, the plaintiff had deposed five of the defendant's employees and the defendant, who opposed the arbitration, had filed a motion to dismiss and an opposition to the plaintiff's motion for discovery. *Id.*

Finally, while the Court in *Citibank* noted that the period of delay in seeking to arbitrate the matter in that case was relatively brief, as stated previously, the Court preliminarily assumed without deciding that the actions of the party seeking arbitration demonstrated that the party did not intend to pursue arbitration. Thus, the Court's emphasis in deciding whether prejudice had been established focused primarily on whether the party opposing arbitration had demonstrated that it had, in fact, been prejudiced by that delay. In finding that the prejudice was lacking, the Court specifically rejected the trial court's conclusion that the expenditure of time and expenses in undertaking discovery tasks and preparing state court filings was sufficient to satisfy the prejudice requirement. *Id.* at *3. *Accord G.R. Harvill, Inc., v. Patel*, Case No. 11-311-N, 2011 WL 3607020 *3 (S.D. Ala. Aug. 16, 2011) (finding that although defendant's actions, including failing to raise arbitration as a defense in its answer and waiting a little more than two-months before demanding arbitration, demonstrated that the defendant intended to litigate rather than arbitrate, that the plaintiff failed to establish the requisite prejudice to demonstrate waiver).

Similarly, in this matter, in response to the Defendants' Motion, the Plaintiffs have only stated the following with regard to any prejudice that they have suffered, "Now after this case has moved forward for (6) months through litigation, and fees and costs have been expended, the defense now wishes to pull out the arbitration card without ever pursuing same previously." (DE # 34 at 3). This allegation falls far short from the

14

assertions made in those cases where courts have found that prejudice has been established when a party delays its right to seek arbitration.  Rather, much like the prejudice allegations in *Citibank*, the Plaintiffs' prejudice contentions herein fail to state the amount of money spent or the number of hours dedicated to conducting litigation-specific discovery and preparing litigation-specific documents.  In addition, discovery in this matter has been extended until February 28, 2013, based in part, upon the Parties' representation that discovery has not been completed in this matter (DE ## 39, 41).[5] Thus, there is no evidence that the Plaintiffs have undergone the types of litigation expenses that arbitration was designed to alleviate. *cf Garcia v. Wachovia Corp*., 699 F. 3d 1273, 1278 (11th Cir. 2012) (finding prejudice by delayed request for arbitration where plaintiffs expended substantial sums of money in conducting litigation).  Accordingly, the Plaintiffs have failed to demonstrate the requisite prejudice necessary to satisfy the second prong of the *Ivax* test, and thus have failed to demonstrate that the Defendants have waived their right to arbitrate this matter.

V.  **CONCLUSION**

Accordingly, based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants Acosta Tractors, Inc., Felix F. Acosta and Frank P. Acosta's Motion to Dismiss and/or Compel Arbitration, Stay Proceedings is **GRANTED**  (DE # 31).  It is further

---

[5]  Moreover, at the Scheduling Conference held on October 25, 2012, before the undersigned Magistrate Judge, the Defendants explained that their Motion to Compel Arbitration was pending, that the Parties had not yet engage in significant discovery procedures and that by agreeing to the Scheduling Order and not opposing discovery they did no intend to waive their rights to compel arbitration.  The Plaintiffs did not seek to stay discovery pending the resolution of this Motion; and therefore cannot claim prejudice based on the expenses of discovery during the pendency of this motion.

**ORDERED AND ADJUDGED** that pursuant to Title 9 U.S.C. § 3, this matter is **STAYED** and administratively **CLOSED** until the Parties have arbitrated this matter pursuant to the arbitration clause set forth in the "Assigned Employee Acknowledgements" signed by each of the Plaintiffs. It is further

**ORDERED AND ADJUDGED** that the Plaintiffs shall file a Notice of Arbitration within twenty (20) days of the completion of arbitration to advise the Court as to whether the matter was resolved through arbitration; and either Party may file a Motion to Re-open this case if further judicial action is requested at that time.

**DONE AND ORDERED** at Miami, Florida, on February 7, 2013.

*/s/ Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
All counsel of record