UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21111-CIV-SIMONTON

MARTIN OMAR GARCIA, LORENZO
AMADO SALINAS, JATNIEL CASANAS
CORENT, EUSEBLO CASANAS CORDOVA,
and all others similarly situated
under 29 U.S.C. 216 (B),

  Plaintiffs,
v.

ACOSTA TRACTORS INC.,
and FELIX F. ACOSTA,

  Defendants.
_____/

**ORDER GRANTING JOINT MOTION TO REOPEN CASE
AND LIFT STAY FOLLOWING RESOLUTION OF APPEAL IN SIMILAR ACTION
AND
DIRECTING PARTIES TO FILE JOINT PROPOSED TIME SCHEDULE**

This matter is before the Court upon the Parties' Joint Motion to Reopen and Lift Stay, ECF No. [65].[1] Previously, this case was stayed by the undersigned until the Eleventh Circuit Court of Appeals resolved the Defendants' appeal in the matter of *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO, a case pending before the Honorable Federico A. Moreno, which involves similar claims and legal issues, and two of the same Defendants as two of the Defendants named in the instant case, ECF No. [62].

In the *Hernandez* case, the Defendants filed an appeal challenging the District Court's entry of Final Default Judgment Pursuant to 29 U.S.C. 216(b), which was

---

[1] On September 20, 2017, the undersigned consolidated this action with the case of *Cordova v. Acosta Tractors, Inc., and Felix F. Acosta*, Case No. 13-22377-CIV-SIMONTON, ("*Cordova*"), ECF No. [62], and the *Cordova* action was administratively closed. The Parties were directed to file pleadings, motions and memoranda only in Case No.12-21111-CIV-SIMONTON. Therefore, Plaintiff Cordova has been added to the caption of this case.

predicated upon the Defendants' purported failure to pay the assigned arbitrator's fees. The Plaintiff in the action at bar, who is represented by the same counsel as the Plaintiff in the *Hernandez* case, filed a motion in this case similarly seeking the entry of default judgment as to liability against the Defendants for failing to pay the arbitration costs related to this action which resulted in the arbitration proceedings being terminated.[2] See ECF No. [52]. The Eleventh Circuit has now issued its mandate in the *Hernandez* matter concluding, among other things, that the District Court erred in entering a default judgment against the Defendants based solely on Defendants' default in the underlying arbitration. *See Julio Hernandez v. Acosta Tractors Inc.*, et al, No. 17-13057 JJ, (11th Cir. Sept. 6, 2018). Given that the Eleventh Circuit has resolved the issue of whether a default should be entered against the Defendants in this action based solely upon the termination of the arbitration proceedings, the stay may now be lifted in this action.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Parties' Joint Motion to Reopen and Lift Stay, ECF No. [65] is **GRANTED**, and the case is reopened and restored to the Court's active docket. It is further

**ORDERED** that the Parties shall confer and file the attached Proposed Time Schedule on or before **Friday, December 7, 2018.**

**DONE AND ORDERED** in chambers in Miami, Florida, on November 16, 2018.

_____
**ANDREA M. SIMONTON**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] Although the *Hernandez* matter involved similar FLSA claims against two of the same Defendants, that case was not consolidated at arbitration, and instead proceeded before a different arbitrator.

**Copies furnished via CM/ECF to:**
**All counsel of record**

## Proposed Time Schedule

The following time schedule shall govern unless modified by court order after a showing of compelling circumstances.  Absent a court order, a motion to dismiss shall not stay discovery.

| DATE | ACTION |
|---|---|
| By | Each party shall exchange lists of all witnesses then believed to have knowledge of the facts supporting the material allegations of the pleading filed by that party, and each party shall exchange all documents then available or subject to its control that they contemplate using as evidence in support of any allegations of the pleading filed by that party. |
| By | The parties shall file any motions to amend or supplement the pleadings, or join parties.  Prior to filing any non-dispositive motion, counsel for the moving party shall confer, or make reasonable effort to confer, with counsel for the opposing party in a good faith effort to resolve the matter, and shall include in the motion a statement certifying that this has been done. |
| By | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all **expert** witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify. |
| By | Plaintiff shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial.  The summaries/reports shall include the information required by Local Rule 16.1(k): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert |

           **testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.**

**By**         **Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify.**

**By**         **Defendant shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial.  The summaries/reports shall include the information required by Rule 16.1(k):  lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.**

**By**         **Plaintiff shall furnish opposing counsel with a written list containing the names, addresses and summaries/reports of any rebuttal <u>expert</u> witnesses intended to be called at trial. The summaries/reports shall include the information required by Local Rule 16.1(k):  lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.**

**By**         **All non-expert discovery shall be completed.**

5

| | |
|---|---|
| By | All expert discovery shall be completed. |
| By | The parties shall furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial, and only those witnesses shall be permitted to testify. |
| By | All dispositive pretrial motions and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed.  Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc,* 509 U.S. 579 (1993) and *Kumho Tire Co.  v. Carmichael*, 526 U.S. 137 (1999)], the motion to strike shall be filed with that party's responsive memorandum. |
| By | Mediation shall be completed. |
| By | Pretrial Stipulation.  The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(e), and in accordance with paragraph five of the Scheduling Order.  In conjunction with the joint pretrial stipulation, the parties shall file their motions in limine. |
| By | Plaintiff shall file a single, joint set of proposed jury instructions and verdict forms, with a copy provided to the chambers of the undersigned Magistrate Judge by hand-delivery or facsimile.  The joint jury instructions shall include, in the appropriate order, each instruction as to which the parties agree, and each contested instruction proposed by either party.  Following each contested instruction, the opposing party shall state its objection and include a proposed alternative instruction, if one is sought.  Contested jury |

|  |  | instructions should include citation of legal authority by each party to support their position, including any applicable regulations contained in the Code of Federal Regulations. |
|---|---|---|
| **On** |  | **Pretrial conference.** |
|  | **at** |  |
| **On** |  | **Specially set trial commences and is expected to last \_\_\_\_\_ days.** |
|  | **at** |  |